UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80246-CIV-COHN/SELTZER

RONALD SOUFFRANT, on behalf
of himself and others similarly situated,

      Plaintiff,

v.

DENHIL OIL, LLC, a Florida Limited
Liability Company d/b/a CHEVRON, and
DENNIS SEEMAN, indivudally,

      Defendants.
_____/

## ORDER REGARDING DEFENDANT DENHIL OIL, LLC'S RESPONSE TO COURT'S ORDER STRIKING ANSWER

**THIS CAUSE** came before the Court Defendant Denhil Oil, LLC's Response to Court's Order Striking Answer [DE 15]. On March 18, 2010, the Court entered an Order Striking Defendant's Answer [DE 13]. The Order explained that the Answer [DE 12] filed on behalf of Defendant Denhil Oil, LLC ("Denhil") was not valid because the Answer was filed *pro se* on behalf of a corporate entity. See DE 13 at 1 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385–86 (11th Cir. 1985)).

Thereafter, the Court received a second *pro se* submission on behalf of Denhil which states the following: "Please be advised that Denhil Oil, LLC is not a corporation, it is Limited Liability Company. We can not afford an attorney and will be representing ourselves." DE 15 at 1. The Document was signed by "Denhil Oil, LLC." Id.

The proposition that a corporation must be represented by an attorney also applies to limited liability companies. See, e.g., Windsor v. United States, 2009 U.S. Dist. LEXIS 65699, at *6 (N.D. Ga. July 30, 2009) ("Corporations and limited liability

companies . . . must be represented by counsel in litigation."); Ibew-Neca v. R.D. Elec., L.L.C., 2009 U.S. Dist. LEXIS 31319 (S.D. Ala. Apr. 10, 2009) ("Limited liability companies . . . are considered to be artificial entities, and, as such, they cannot appear in federal court *pro se*."); Stockwire Research Group, Inc. v. Lebed, 577 F. Supp. 2d 1262, 1264 (S.D. Fla. 2008) (stating that "the Court ordered Corporate Defendants Pigasa, Inc. and Lebed Biz, LLC to obtain substitute Counsel no later than March 10, 2008 or face potential default").

It is important for Denhil to understand that the precise legal status is not material. Whether Denhil is a limited liability company, an organization, or non-profit corporation, the material fact is that Denhil it is not an individual person, but rather an artificial entity. The rule requiring corporations to be represented by counsel extends to all non-natural persons, i.e., entities, as its purpose is the protection of the courts and the administration of justice. Numerous other federal courts have concluded that various entities are required to be represented by counsel. Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986) (unincorporated association); Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County, 543 F.2d 32, 33 (7th Cir. 1976) (non-profit corporation); MOVE Organization v. U.S. Dept. of Justice, 555 F. Supp. 684, 693 (E.D. Pa 1983) (unincorporated association); Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (religious non-profit corporation). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Denhil shall have until **April 29, 2010** to retain counsel and to file and serve its Answer in this action.  Failure to do so will result in a Default being entered against Denhil.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Denhil Oil, LLC
1921 Okeechobee Boulevard
West Palm Beach, FL 33409